Jenkins v. New York City Dep't of Educ.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York the 28th day of January, two thousand thirteen.

PRESENT:  AMALYA L. KEARSE,
CHESTER J. STRAUB,
ROSEMARY S. POOLER,
*Circuit Judges.*

_____

Antonio Jenkins,

*Plaintiff-Appellant*,

v.                                                                          11-5306

New York City Department of Education, Daryle Young, American Federation of Teachers AFL-CIO,
Corporation Counsel of the City of New York,
Courtney Stein, Karen Solimondo, Elsa Hampton,
Shawn Kelly, Antonio Cavallaro, James Sandner,

*Defendants-Appellees*.

_____

**FOR PLAINTIFF-APPELLANT:**   Antonio Jenkins, *pro se*, New York, NY.

**FOR DEFENDANTS-APPELLEES:**   Stuart Lichten, Lichten & Bright, P.C., New York, NY, *for the teacher defendants.*
Kristin M. Helmers, Assistant Corporation Counsel of the City of New York (Michael A. Cardozo, Esq., Corporation Counsel, Ashley Hale, Victoria Scalzo, Assistant Corporation Counsel, *on the brief*), New York, NY, *for all other defendants.*

Appeal from an order of the United States District Court for the Southern District of New York (Jones, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Appellant Antonio Jenkins, proceeding *pro se*, appeals from the district court's judgment (1) dismissing pursuant to Fed. R. Civ. P. 12(b)(6) his claims alleging employment discrimination in violation of Title VII, 42 U.S.C. §§ 2000e to 2000e-17 and claims under 42 U.S.C. §§ 1981, 1983, 1985 and 1986 relating to disciplinary proceedings that occurred during his employment by the New York City Department of Education, and (2) declining to exercise supplemental jurisdiction over his state law claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Upon such review, we conclude that Jenkins's appeal is without merit substantially for the reasons articulated by the district court in its well-reasoned order. We have considered all of Jenkins's remaining arguments and find them to be without merit.

For the foregoing reasons, the order of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2